Rufus Brooks v. SAC Wireless and we have Ms. Jonig and Mr. Gebauer and Ms. Lawrence. So Ms. Jonig, the floor is yours. Thank you, Your Honor, and may it please the court. My name is Leigh Jonig, arguing for the amicus curiae appointed on behalf of Mr. Brooks. I'll briefly address this court's jurisdiction and then turn to the merits. On the issue of the court's jurisdiction, there's no question that Mr. Brooks actually delivered the notice of appeal to the district court and to opposing counsel on the day it was due. The only issue is whether by sending the notice of appeal by email, whether that was enough to sufficiently file the notice. And there's two reasons that show that it did. The first is federal rule of civil procedure 5d2, which says that something is filed if it is delivered to a district judge who agrees to accept it for filing. And that's what happened here. The district judge demonstrated throughout the litigation a willingness to accept emailed filings from Mr. Brooks and at one point even went so far as to rule on emailed filings before a hard copy had even been received by the clerk's office. And that's important for two reasons. The first is it shows the district court's willingness to accept these emailed filings and it also shows that an email filing alone was enough to, you know, get on the docket and be a filing such that the court was able to rule on it. The district court... Ms. Jonick, how often did this... I mean, reading your opponent's briefs, they portray this as really the judge just creating a methodology for courtesy copies and insisting on regular mailed filing and there was this one time that you're talking about where the judge goes ahead and rules before the post office catches up. But how much... are you really relying on the judge's instructions to Mr. Brooks or are you relying on the fact that we have this at least one incident in which the judge accepts the emailed filing as a complete filing? Your Honor, it's both because both of them demonstrate the fact that this did occur multiple times. There was that docket entry 48, which was the filing that the district judge ruled on the emailed filing, which SAC calls a courtesy copy, but it was nevertheless a filing that the judge was, you know, it was sufficiently filed such that the judge could rule on it. And then, you know, there were additional instructions at other points during the litigation where the district judge asked Mr. Brooks to send a filing by email. So, you know, it wasn't just that one incident. There were So I need to break this down into two steps, I think, because part of your argument relies on the sufficiency of an email filing. But then there's a second aspect of it. Who got the email? You know, if the email had gone to the clerk's office, we might be talking about a different case. We need to get the email okay. We also need to somehow justify the fact that it went directly to this pending orders mailbox that the district court kept, as opposed to some other thing that would alert the court to the fact that something that's as important as a notice of appeal is sitting there in that box. Correct, Your Honor. That's where the district court's pattern of accepting these email filings is important because this wasn't an incident of, you know, this was the first time that Mr. Brooks had tried to send something to the district court. This was, you know, something that occurred multiple times, including to this specific inbox. And so that's why, you know, Mr. Brooks, you know, reasonably expected that the district judge would receive the filing because he had received these other filings in the same inbox. What about the fact that Mr. Brooks filed a lot of things without emailing them to the district court? From the complaint forward, there are a lot of things that Mr. Brooks filed under the normal procedures of mailing them in. That's certainly true, Your Honor, but the reality is is that there are numerous examples of throughout the federal rules where the courts do not require perfect compliance with, you know, the manner of filing that's been laid out in the rules. And that's where this case, that's where this court's case in Harvey comes in. And Harvey was another example of a litigant who did not file the, excuse me, follow the local rules to the letter in terms of how to file the notice of appeal. But this court held that that kind of error in what in the manner of filing was not enough to defeat this court's jurisdiction. And in fact, the facts of Harvey were quite similar to the facts here. The litigant was supposed to send a paper copy to the court and instead sent an electronic copy. And this court held that that sort of error was not enough to preclude this court's jurisdiction. What if Mr. Brooks had just emailed this to the district court judge and hadn't mailed it in? Would that have been sufficient? Yes, Your Honor, because it was the email that was the instance of filing here. Aren't you shifting a burden then and putting a burden on the district court that if a court gets email filings that the court then is required to file them? That can't be what the procedure is? Certainly not in every case, Your Honor, but it's because of the pattern of, you know, request going, not only accepting email filings, but requesting them during the litigation. That is what what makes this of the filing in this particular case. And that's because, you know, the whole purpose when you say when you say pattern is what makes up the pattern, the docket, what Correct, Your Honor. And then there was also the instance at the January 16, 2019 hearing where the district judge specifically said in open court to Mr. Brooks, you know, please send these filings via email. Sometimes it takes a while for the clerk to, you know, get these filings by mail and open them and scan them and stamp them. So it is all of those things together. And the instructions to email that at least accompanied docket entries 30 and 60, I think it's very hard to read that. The instructions is establishing a pattern in practice that email would substitute for filing with the court. Your Honor, it's again, it's those instances in combination with the statements that the district court made to Mr. Brooks in open court. And if you don't mind, Your Honor, I'll just add briefly to the merits. The district court here sanctioned Mr. Brooks for one instance of conduct, and that was at the end of a one witness's deposition. Mr. Brooks said something about going to Atlanta. Imposing the sanction of, and that's where the witness lives, imposing the sanction of dismissal because of that single instance of conduct was an abuse of discretion. SAC does not cite a single case where a court has dismissed, gone so is the sanction of dismissal in the first instance because of a single instance of conduct. But does the court indicate though that he, briefly I will grant you, but the court indicates that lesser sanctions didn't seem to be out there. I mean certainly Mr. Brooks is not a person who's going to respond to a monetary sanction and holding facts against him or doing some of the other things that that are in the toolbox, just the court decides aren't going to suffice. And courts do have the ability to choose. Your Honor, I would, I would submit that there are, there were other alternative sanctions available to the court. This was a, you know, this was arguably a discovery violation and there could have been some sort of proportional discovery sanction constructed. And what the district court did was it declined to consider alternative sanctions because it said Mr. Brooks had, did not propose any. And that places, you know, too high of a burden especially on a pro se litigant to, to sort of construct alternative arguments when they're trying to defend a motion for sanctions. And what SAC tries to do here is bring in, in addition to that one statement, a totality of other, you know, conduct that Mr. Brooks allegedly engaged in. But looking at what this, this actual conduct was, it's things like snide remarks or intense stares or argumentative questioning. And you know, many members of the bar engage in these types of behaviors as affirmative litigation tactics. So... It's pretty extreme though for, I mean, it doesn't happen every day where a court reporter is so troubled that they won't return to day two of a deposition. I mean that, that, that's not an everyday occurrence in law practice. That's true, Your Honor. And there's, it's, it's very likely that these witnesses did in fact, you know, feel uncomfortable that there were, you know, aggressive tactics going on here. But if those were enough to merit the sanction of dismissal or even to contribute to that, you know, sort of sanction that this court has said should only be used in the rarest of circumstances, there would be a lot of cases that would potentially, you know, be up for dismissal. And if, if the, I'd like to reserve the rest of my time for rebuttal. All right, that's fine. So I show that both of you want to argue. So Mr. Gaybauer, I believe you're first. Yes, thank you, Your Honor. May it please the court, my name is Ryan Gaybauer on behalf of the appellee, SAC Wireless, arguing the jurisdictional issue. This court does not have jurisdiction over this appeal simply because appellant undisputedly delivered his notice of appeal to the district clerk after the 30-day deadline. Is the problem that it went to the judges chambers as opposed to the clerk or is the problem in your view that it was email as opposed to snail mail? The problem in my view, Your Honor, is that it was emailed, that the email to the judges chambers does not constitute a I mean, think of all of the adjustments we've made in the period of COVID. Lots of things are happening, including this argument by remote technologies. So I want to know whether the problem is flat-out the use of email, period, no matter whether it went to the judge or to the clerk of court or to, you know, anybody. Or is it the fact that the recipient was the judges chambers as It's the latter, Your Honor. As I believe was alluded to earlier, had the appellant emailed his notice of appeal to the clerk, this might be a different case. And the arguments made by amicus counsel under Rule 5d4 might have some merit. But here, the email went to the judges chambers. It was not ever agreed to by the district judge or instructed by the district judge that filings be sent to his chambers via email. So that did not constitute a proper filing. What do you think of the exchange that Ms. Jahnig was referring to where the judge says, hey, you know, please email these things. Here's the address. You know, sometimes it takes a while for papers to wind their way from the clerk's office So there's three there's three docket entries that are supposedly creating this pattern. Before we even have any docket entries, the judge instructs or says that it's that he actually wants these email filings at a particular email address. I took that as the judge's instruction to send copies to the judge's chambers. But does the judge say it's just copies? I mean, would an unsophisticated pro se litigant realize when the judge says, in addition to mailing the response with the clerk of court, Brooks shall email a PDF copy of his response to chambers? I think the receipt. I think Mr. Brooks did understand the difference here. And that's evident by the fact that every document he did file in the district court case was mailed to the clerk. So on on one occasion, there was in docket 48, the district judge accepted an emailed copy as filing. And that was purely due to the circumstances that Mr. Brooks was requesting a hearing on the motion for sanctions. So what about docket 60? The judge says, file your post evidentiary hearing response both by mailing it and also by emailing. Now, of course, he does the same thing with the notice of appeal. The only reason we're here is that, unlike most mailed things, notices of appeal need to show up by a particular date. And, you know, it's the receipt date, not the there's a hierarchy that the mailing one is the one that really counts and the email doesn't. As regards to specifically docket 60, I get the sense that, as was the case for every filing, that he was to mail it to the clerk and then send an email copy to the district judge. And it's also important to note that Mr. Brooks didn't file anything in response to docket 30 and 60. So he, it's clear that he understood the difference between affecting a filing by mailing it to the clerk and sending a copy to the judge. And he did, in fact, mail his notice of appeal to the clerk, understanding that that was the way to file, as he had done for every other document. He just simply did it past the 30-day deadline. And that timing is jurisdictional and the bestest court of Yes, you are. We'll turn to Ms. Lorenz. Good morning, Your Honors, and may it please the court, Susan Lorenz, on behalf of Defendant Eppley, SAC Wireless. I will be arguing the merits of the case. District courts have inherent authority to sanction litigants for conduct that abuses judicial process. That includes the power to dismiss a case if the misconduct is egregious enough. In order to impose the sanctions, a federal court must first find by a preponderance of the evidence that the culpable party willfully abused the judicial process and otherwise conducted the litigation in bad faith. After making that finding, the district court has broad discretion to choose the sanction. Ms. Janig indicates that we have failed to produce any case law to support dismissal in an instance of a singular threat. And while we disagree, we would note that opposing counsel has failed to provide any case law to support defining that it cannot dismiss as a part of a sanction for this type of conduct that was indisputably found in this case. We typically require before a court could dismiss a case, especially when a pro se litigant is involved, at least one warning. Why shouldn't the court have given a warning here? Well, I think the representation that this was all done based on just a singular incident is inaccurate, given the record in this case. That may be true, but that's different than a specific warning. If you do this again, the court will dismiss or may dismiss your case with prejudice. I think that goes, Judge, to the question of whether or not the sanction was reasonable in this instance and the question of whether there was an alternative sanction that would have been more appropriate. And as Judge Wood pointed out, Judge Chang does go out of his way to discuss the fact that there was no appropriate lesser sanction, given that money was not a viable option for this pro se litigant and that short of having armed guards present during each of the depositions, there wasn't any sort of warning that would have been effective in this case, given the severity of the threat that he made towards one of the witnesses and the way he conducted himself throughout the other depositions. But you know, I want to say on the other side, had the court issued the kind of clear warning that Judge St. Eve is talking about, your assumption is that Mr. Brooks would not have changed his behavior at all. But I'm not sure that that's realistic. Mr. Brooks may have realized that he needed to modify his behavior in order to protect himself. And I think Judge Chang's view of that was that he was uncomfortable taking that chance, given the real threat to the safety of the individuals involved at the depositions, including myself, frankly, and that given the legitimacy of that fear, that was not something that within his inherent discretion, Judge Chang was willing to risk. Do you know, cut much of a break here, or exercise discretion in the other way? And perhaps in no small part, because Mr. Brooks seemed to be less than candid about whether he had received the notices about whether he was going to have to be there in person or could do something by telephone. Judge Chang made an express finding that Mr. Brooks wasn't being truthful about the notices that he received from the district court. In your view, do you think that may have influenced his judgment here as well? I think that certainly as part of it, I think the way in which he conducted himself throughout the entire motion for sanctions process also informed his decision. As the record reflects, Judge Chang went above and beyond the call of duty to provide Mr. opportunity to participate in the motion, to provide witnesses in defense of the motion, to appear in person for the motion. And he failed at every turn to do that, including then when he did participate via telephone. He was very contentious with each of the witnesses. He was quite contentious with court. He was very aggressive towards counsel. And so I think it all would have been effective in this case, given his repeated inability to appreciate the severity. And for all those reasons, we believe it would be improper for amicus counsel to interpose their view of what a lesser sanction would be, and that it was completely within Judge Chang's right to exercise the discretion he did. And to that end, his ruling should not be overturned. Thank you. All right. Thank you. Um, I think you have a bit of time left. Not much. Thank you, Your Honor. First, the issue about sending the email to the judge versus the clerk doesn't affect what this court's analysis in, for example, in federal rule of appellate procedure for D, the notice of appeal can even be sent to the wrong court, and that does not defeat appellate jurisdiction. And the notice of appeal was sent directly to a judge. So the fact that it was sent to the judge versus to the clerk doesn't affect this court's analysis. So for those reasons, this court does have jurisdiction, and it should reverse the district court's dismissal of Mr Brooks's case. All right. Thank you very much. And we appreciate the assistance of amicus and also, of course, the arguments of the other two lawyers. The court will take this case under advisement.